STATE OF MINNESOTA

*vs.*

WILLIAM L. COON.

An indictment against defendant for "wilfully neglecting his duty as a justice of the peace, and for misbehavior in office as a justice of the peace," and charging that defendant having as justice of the peace, in his possession money paid to him in satisfaction of a judgment recovered before him, in favor of K., corruptly and fraudulently withheld it from K.; that K. having called on him and made inquiry of him about the judgment, he wilfully and corruptly and with intent to injure and defraud K., withheld from him the knowledge that it had been paid, and neglected to pay over the money to him, and wilfully and corruptly advised him to sell the judgment; but alleging no demand for the money, nor for in-

State of Minnesota v. Coon.

formation whether it was paid, and also charging that afterwards defendant paid a part of the money to another person, reserving the remainder to himself, but not showing that the payment to such other person was wrongful, nor that any demand was then made for the whole, nor showing how much of the judgment was for damages, and how much for costs, is bad, as attempting to charge two or more distinct offenses, and also because the acts and omissions specifically set forth do not constitute a crime.

A justice of the peace is not civilly nor criminally liable for neglecting to pay over money received by him as such, until a demand made; nor is he liable for withholding any information in regard to a judgment recovered before him, unless he is asked for such information.

A party has no right to ask for, nor rely on the advice of a justice of the peace as to selling his judgment. It is not the official duty of the justice to advise parties on such matters.

The defendant was indicted in the district court for Blue Earth county, tried, found guilty, and sentenced to pay a fine of $100, and he removes the case to this court by appeal. Upon the arraignment of the defendant he demurred to the indictment, and his demurrer was overruled. As the only question raised in this court is as to the sufficiency of the indictment, and as the indictment, and the objections raised thereto, are sufficiently stated in the opinion of the court, no further statement of the case is necessary.

E. St. Julien Cox and Buck & Freeman for Appellant.

F. R. E. Cornell, Attorney-General, for Respondent.

*By the Court*—Gilfillan Ch. J.—This is an indictment against the defendant for " wilfully neglecting to perform his duty as a justice of the peace, and for misbehavior in office as a justice of the peace." The specific acts charged are, in substance, that the defendant having in his posses-

sion, as justice of the peace, sixty dollars and twenty cents, received by him in satisfaction of a judgment recovered before him by one Martin Klein, he did " wilfully, corruptly and fraudulently withhold it " from said Klein ; that Klein having called on him, and made *inquiry of him about the said judgment,* he " wilfully and corruptly, and with intent to injure and defraud the said Martin Klein," withheld from him the knowledge that the judgment had been satisfied, and neglected to pay over to him the amount received in satisfaction of the judgment, and " then and there wilfully and corruptly advised the said Martin Klein to sell the said judgment," and that afterwards he paid of the money so received, to one J. A. Kennedy, fifty-one dollars, and did then and there wilfully and corruptly reserve to himself the remainder of said judgment money, amounting to nine dollars and twenty cents, " with intent to injure and defraud the said Martin Klein." The detendant interposed a demurrer, stating several grounds, only two of which we find it necessary to notice.

These are, that if the indictment alleges any offense at all, it alleges two, and that the facts set forth do not constitute a public offense. We think the indictment attempts to set forth two or more distinct offenses, one of omission, in neglecting to do something which the indictment assumes that it was his official duty to do, and one, if not several of commission, for doing what it was his official duty not to do.

It sets forth two transactions, one between defendant and Klein, and one between him and Kennedy. In this respect the indictment, if it were free from other objections, would be bad. But we think the indictment does not show any crime to have been committed.

To charge an offense for neglecting to do any official act,

State of Minnesota v. Coon.

the indictment must clearly set forth enough to show that the duty of doing it is imposed on the officer.

It is a duty of the justice of the peace, to whom money is paid upon a judgment before him, to pay it to the party entitled, upon a demand. There can be no liability, either civil or criminal, for neglecting to pay it over until a demand; no demand is alleged in the indictment. Nor can there be any liability, either civil or criminal, for neglecting to inform the party of any fact respecting the judgment, until he is asked for such information. The indictment states that Klein made inquiry of defendant about the judgment. What the inquiry was, and whether truly answered, is not stated.

The defendant could not, in his official character, advise Klein to sell the judgment. It is not his official duty to give any advice on such matters. A party has no right to ask it, nor rely upon it, except as he would ask the advice of a private person.

As to the payment to Kennedy, and the retaining, by defendant, of nine dollars and twenty cents of the money received on the judgment, it is not shown that the payment to Kennedy was wrongful, nor that the retaining of that amount was wrongful. How much of the sixty dollars and twenty cents was for damages, and how much for costs, is not stated, nor is it stated that at that time any demand was made for the amount which Klein or Kennedy had the right to receive.

The indictment shows conduct on the part of defendant, which might, under some circumstances, be improper, but shows no facts to make his conduct a criminal offense.

The judgment is reversed.